Rockingham, April 4, 1950. } No. 3902.

GUY WHITNEY *v.* LEON FOGG.

*Varney & Fuller* and *Frank W. Linnell* of Maine (*Mr. Henry M. Fuller* orally), for the plaintiff.

*Cooper, Hall & Cooper* and *John G. Marshall* of Maine (*Mr. Burt R. Cooper* orally), for the defendant.

BLANDIN, J. The question here is whether there was evidence to sustain the verdict for the plaintiff. We believe there was and therefor the defendant's exceptions are overruled.

On the testimony most favorable to the plaintiff the jury could find the following facts: The defendant was driving west at eighteen miles an hour in a heavy rain, on a busy street with which he was well acquainted, with cars double parked on his right hand side. Ahead of him in his lane an automobile was double parked. Opposite this car on the southerly side of the road a large van truck with its tail board extending out four feet in back was also parked. The automobile which was double parked started to pull out ahead of the defendant and he without stopping, although he could have done so easily, cut out across the center and into his left hand lane increasing his speed to try to squeeze through between the automobile and the truck. He got by the automobile but drove so close to the truck that he struck the right leg of the plaintiff just as the latter, who was starting to cross the road, took his first step out from behind the tail board of the truck. We believe reasonable men could find the defendant negligent on this evidence and the question was properly submitted to the jury.

The burden of proving contributory negligence was on the defendant and the plaintiff was not guilty of such as a matter of law. There was no evidence from the plaintiff himself as to what he saw or heard

of the approaching car. The jury could find however, from other evidence that as he was coming out from behind the truck he looked to his left, or in the direction where he would then naturally expect danger. The occupants of the defendant's car saw nothing of the plaintiff except his right leg before he was struck. The jury could infer that if the plaintiff glanced to his right he saw nothing of the automobile bearing down on him at twenty-seven feet a second in time to save himself. We do not believe, as the defendant claims, that the plaintiff must be found negligent because he did not crane his neck and peer around a corner of the truck for west bound traffic in the east bound lane before venturing to step out. See *Bourque* v. *Strusa*, 92 N. H. 94. He took some thought and action for his safety and the question of contributory negligence was properly submitted to the jury. *Hill* v. *Company, ante,* 14.

No other exceptions being briefed or argued the order is

*Judgment on the verdict.*

All concurred.